**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

FELICIA B. ARNOLD,                )
                                  )
        Plaintiff,        )
                                  )
v.                                ) Case No. CIV-15-120-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
        Defendant.        )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #19). By Order and Opinion entered September 8, 2016, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 36.40 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,916.00 under the authority of the Equal Access to Justice Act ("EAJA"). This request reflects a voluntary reduction of the fee by $1,216.00. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Claimant was required to file a reply to respond to the Commissioner's objection, she filed a Supplemental Application for Attorney Fees to include $1,311.00 to research and prepare the reply brief, also reflecting a voluntary

reduction of the fee requested. The Commissioner did not respond to the Supplemental Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ was reasonable in finding medical opinions did not support significant functional limitations as a result of Claimant's urinary incontinence, Dr. Palcio-Hollmon's opinion was entitled to limited weight, Claimant's mother's statement was

entitled to "little weight", and Claimant's testimony was not entirely credible. The medical record supported Claimant's subjective statements regarding her urinary urge incontinence. Indeed, the record stands uncontradicted that Claimant was in need of voiding her bladder every 20 to 30 minutes which certainly would materially affect Claimant's ability to engage in basic work activities. Moreover, the ALJ's consideration of Dr. Palacio-Hollmon's report included a finding that he was "overly speculative and inconsistent with the degree of reported limitation and the stability of mood symptoms on psychotropic medications." The ALJ's decision lacked specificity as to which findings were "overly speculative" and was entirely conclusory given the lack of explanation for the ALJ's findings. The ALJ proceeded to consider the third party statement of Claimant's mother but, again, reached a conclusory finding that it was inconsistent with the medical record without indicating the portions of the statement that were inconsistent. As for the conclusions on Claimant's credibility, the ALJ did not distinguish between Claimant's assertions of problems with urge incontinence despite medical improvement with the condition of standing incontinence. These omissions do not demonstrate reasonable conclusions which are substantially justified.

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Claimant's reply will be awarded.

3

IT IS THEREFORE ORDERED that Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #19) and Claimant's Supplemental Application for Attorney Fees (Docket Entry #22) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $8,227.00.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 23rd day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE