# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FELICIA B. ARNOLD, )
)
        Plaintiff, )
)
v. ) Case No. CIV-15-120-KEW
)
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Timothy M. White, the attorney for Plaintiff (Docket Entry #24). Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $19,057.75. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel filed Plaintiff's opening brief and reply. Plaintiff was successful in this appeal. As a result, Plaintiff was awarded attorney's fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $8,227.00. On remand, the ALJ entered a fully favorable decision and awarded past due benefits of $76,231.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining

benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of §406(b).

Defendant generally does not take a position on awarding the amount requested, but does state that she has no objection to the award in this case. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

This Court has evaluated Counsel's request for its timeliness. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use

2

in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under §406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, Notice of Award was issued by Defendant on March 3, 2018 with a receive stamp on the document of March 5, 2018. Counsel filed the subject Motion on April 20, 2018. Counsel has been admonished in the past to file § 406(b) Motions within thirty (30) days of receiving the Notice of Award. He did not do so in this case and did not file a Rule 60(b) Motion. On this occasion, this Court will not impose the draconian result of denying fees on the basis of untimeliness. However, counsel shall be mindful of the requirements for timely filing in the future.

IT IS THEREFORE ORDERED the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Timothy M. White, the attorney for Plaintiff (Docket Entry #24) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $19,057.75. Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 7th day of May, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE